UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00222-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED UPON COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff Gilberto Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's filed the instant complaint on February 15, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names K. Holland, W.J. Sullivan, R. Groves, J. Gutierrez, K. Allen, J. Jones, D. Mason and R. Escarcega, as Defendants.

Plaintiff contends that he was deprived of adequate outdoor exercise while he was housed in the administrative and security housing units at California Correctional Institution in Tehachapi. Plaintiff submits that the mini concrete yards next to every building in the administrative and security housing units were being used to hold mops, buckets, and other cleaning materials.  Plaintiff contends that he spent a total of twenty-two months and twenty-four days at CCI in administrative and/or security housing units, and nineteen months and twenty-four days were spent in near isolation with the exception of a fifteen-minute shower every other day and yard time every fifteen, seventeen, and sometimes twenty days.  Plaintiff's detention in the administrative and security housing units was for non-disciplinary reasons. As a result of the denial of sufficient outdoor exercise, Plaintiff suffered high blood pressure, high cholesterol, anxiety, heartburn, hip and back pain, lethargy, and depression.

///

///

## III.

## DISCUSSION

### A. Denial of Outdoor Exercise

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d at 1205-08.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

///

Inmates have a constitutional right to outdoor exercise under the Eighth Amendment. Thomas, 611 F.3d at 1151-52. Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). While the "temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," Norwood, 591 F.3d at 1070 (internal quotation and citation omitted), when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific. In determining whether a deprivation of outdoor exercise is sufficiently serious, the Court must consider the circumstances, nature, and duration of the deprivation. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).

Based on Plaintiff's allegations in the complaint, he states a cognizable claim for denial of outdoor exercise against Defendants K. Holland. W.J. Sullivan, J. Gutierrez, K. Allen. C. Mason, and D. Escarcega. However, Plaintiff fails to link any factual allegations to Defendants R. Groves and J. Jones and therefore has not stated a cognizable claim against these Defendants. The Court will grant Plaintiff the opportunity to amend his complaint, if he wishes to do so.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim against Defendants K. Holland. W.J. Sullivan, J. Gutierrez, K. Allen, D. Mason and R. Escarcega for denial of outdoor exercise in violation of the EighthAmendment. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his claim against Defendants K. Holland. W.J. Sullivan, J. Gutierrez, K. Allen, D. Mason and R. Escarcega.  The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints.  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading.  Local Rule 220.  Finally, any amended complaint is limited to 25 pages in length.  An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
   a. an amended complaint, limited to 25 pages in length, or
   b. a notice of his intent to proceed upon the cognizable claim identified in this order;

and,

///
///
///
///
///
///
///
///

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:   **March 1, 2019**

UNITED STATES MAGISTRATE JUDGE